UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEVEN J. RIGNEY,<br>　　　　Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-06-2110 |
|  | : | (Judge McClure) |
| JOHN DOE GOZENSKI, ET AL.,<br>　　　　Defendants | : | |

## ORDER

June 25, 2007

**Background**

This *pro se* civil rights action was initiated by Steven J. Rigney ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania ("SCI-Albion"). His action alleges various violations of his constitutional rights which purportedly occurred during his prior confinement at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy"). Service of the Complaint was previously ordered.

Plaintiff has filed a motion seeking preliminary injunctive relief. See record document no. 16. His motion requests that he be transferred to another correctional institution.

**Discussion**

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353 F. Supp. 542 (M.D. Pa. 1973)).  In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors:  (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest.  S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)).  The moving party bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy

2

following a trial." Instant Air Freight, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173

(11th Cir. 1985) (citation omitted).

On March 19, 2007, Plaintiff notified this Court that he had been transferred to SCI-Albion.  See Record document no. 32.  There is no indication that Rigney will be returned to SCI-Mahanoy in the foreseeable future.

In light of his transfer, the Plaintiff is no longer being subject to the constitutional misconduct which was purportedly taking place at SCI-Mahanoy. Since Shawley has been transferred from SCI-Mahanoy, he has been afforded the relief requested in his motion for preliminary injunctive relief and his motion will be denied as moot under the standards announced in Steffel and Wahl. Consequently,

**IT IS HEREBY ORDERED THAT:**

> Plaintiff's motion for preliminary injunctive relief (Record document no. 16) is DENIED as moot.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge