UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN J. RIGNEY,                           :
                    Plaintiff              :
                                           :
        v.                                 :        CIVIL NO. 4:CV-06-2110
                                           :
                                           :        (Judge McClure)
JOHN DOE GUZENSKI, ET AL.,                 :
                    Defendants             :

## **MEMORANDUM**

August 21, 2007

## **Background**

  Steven J. Rigney filed this *pro se* civil rights action regarding alleged

violations of his constitutional rights which took place during his prior

confinement at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-

Mahanoy").[1]  Named as Defendants are the following SCI-Mahanoy employees:

Superintendent Edward Klem; Major  Thomas Derfler; Unit Manager Richard

Spaide; Lieutenant Michael Agostinelli; Sergeants Stephen Peek, Shawn Golomb,

and Ronald Schell; along with Correctional Officers James Guzenski, Donald

---

[1] Plaintiff was scheduled to be transferred to a Community Corrections Center
in Philadelphia, Pennsylvania as of July 23, 2007.  See  Record document no. 41.

Rakus and Joseph Dziczek.[2]

The Complaint initially asserts that between June 22-28, 2006, Defendant Guzenski retaliated against the Plaintiff for his initiation of a complaint by subjecting him to ethnic intimidation and placing him at risk for assault by other prisoners in his housing unit. Specifically, the Defendant angered the 45-50 prisoners in Plaintiff's housing unit by stating that he would not open any doors for them to go to lunch until Rigney was ready. See Record document no. 1, ¶ 13. On July 2, 2006, Defendants Golomb and Agostinelli "obstructed justice and inflicted official oppression" by withholding from Rigney the forms he needed to initiate a criminal complaint and an inmate grievance. See id. at ¶ 14.

The third claim alleges that Defendant Rakus retaliated against the Plaintiff for his prior complaints against Guzenski. The Complaint maintains that on July 15, 2006, Rakus verbally harassed and threatened Rigney while the prisoner was engaged in a telephone conversation with his mother. Rakus also issued Plaintiff an alleged meritless misconduct charge (unauthorized use of the telephone) stemming from the same incident.

In his fourth claim, Plaintiff avers that although he was suffering "a diabetic attack" on August 17, 2006, Sergeant Schell refused his request for permission to enter his cell and obtaining his diabetes medication. Id. at ¶ ¶ 17-18.

---

[2] The Complaint contains different spellings of some Defendants' names.

On October 8, 2006, Defendant Rakus purportedly opened the Plaintiff's cell door for the purpose of allowing another prisoner to enter Rigney's cell and assault him "with a lock inside a sock." Id. at ¶ 19. As a result of the assault, Plaintiff required sutures above his left eye. The Complaint concludes by contending that Defendants Klem, Derfler, Spaide, Peek, and Dziczek conspired to cover up the alleged violations of Plaintiff's constitutional rights by lying about the above incidents. As relief, Rigney seeks compensatory and punitive damages as well as injunctive and declaratory relief.

By Order dated June 25, 2007, Plaintiff's motions to amend were granted and the Complaint was deemed to name the Defendants in both their official and individual capacities. Presently pending is the Defendants' motion to dismiss Plaintiff's Complaint. See Record document no. 23. The motion has been briefed and is ripe for consideration.

**Discussion**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[W]hen

a complaint adequately states a claim, it may not be dismissed on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic v. Twombly, 127 S.Ct. 1955. 1969 (2007).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss the Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is noted that the pending motion to dismiss does not address the allegations of: (1) retaliation by Defendant Rakus; and  (2) denial of access to medication by Defendant Schell.  Consequently those claims shall proceed.

**Eleventh Amendment**

The Defendants' initial argument is that to the extent that Rigney's action

may be seeking monetary relief against them in their official capacities, it must be

dismissed under the Eleventh Amendment.  The Eleventh Amendment provides:

> The judicial power of the United States shall not be
> construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United
> States by citizens of another state, or by citizens or
> subjects of any foreign state.

"[C]laims for money damages against the prison officials in their official

capacity are claims for retroactive relief and hence are barred by the Eleventh

Amendment."  Doe v. Wagginton, 21 F.3d 733 (6th Cir. 1994) (citing Edelman v.

Jordan, 415 U.S. 651, 663 (1974).  The Court of Appeals for the Third Circuit in

Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981), similarly concluded that

an "action in federal court for damages or back pay against a state official acting in

his official capacity is barred because such retrospective relief necessarily depletes

the state treasury."  Pursuant to the above discussion, Plaintiff's claims to the

extent that they seek monetary compensation from the Defendants in their official

capacities are clearly barred by the Eleventh Amendment and will be dismissed.

## Personal Involvement

The second argument for dismissal contends that the Complaint fails to

allege that Defendants Klem, Derfler, Spaide, Peek, and Dziczek had any personal

involvement in the purported constitutional misconduct.  Defendants add that "[i]f

Rigney is attempting to hold these Defendants liable as supervisors, a supervisory

official's misconduct cannot be merely a failure to act."  Record document no. 24, p. 6.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).; Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986)(a civil rights complaint should allege the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials).

Civil rights claims brought cannot be premised on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

6

Rode, 845 F.2d at 1207.

Pursuant to Rode, the Complaint to the extent that it attempts to establish liability against any of the Defendants solely based upon their supervisory position within SCI-Mahanoy is subject to dismissal.

As previously noted, the only apparent claim asserted against Defendants Klem, Derfler, Spaide, Peek and Dziczek is the vague assertion that they suppressed and/or covered up "the crimes committed" by the other Defendants. Record document no. 1, ¶ 21. Plaintiff indicates only that those Defendants failed to take any action with respect to his request to file criminal charges.

Attached to the Complaint is a copy of a private criminal complaint filed by the Plaintiff which asserts all of the accusations levied in his present civil rights action. See Record document no. 1, Exhibits B-D. On September 19, 2006, the private criminal complaint was disapproved by an attorney for the Commonwealth on the grounds that it was incomplete and lacked merit. See id. at Exhibit D. Based upon the Plaintiff's own submission, he did in fact file a private criminal complaint regarding his present contentions, thus, undermining any assertion that Defendants Klem, Derfler, Spaide, Peek and Dziczek  prevented him from doing so in violation of his right of access to the courts. See  Lewis v. Casey, 518 U.S. 343, 351-54 (1996) ( an inmate plaintiff  must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded and allege an actual injury

to his litigation efforts).

**<u>Verbal Harassment</u>**

The next argument for dismissal maintains that Plaintiff's assertions regarding use of verbal harassment by several of the Defendants do not rise to the level of a constitutional violation.

It has been held that the use of words generally cannot constitute an assault actionable under § 1983.  <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2d Cir.), <u>cert. denied</u>, 414 U.S. 1033 (1973); <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); <u>Murray v. Woodburn</u>, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and <u>Jones v. Superintendent</u>, 370 F. Supp. 488, 491 (W.D. Va. 1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  <u>Fisher v. Woodson</u>, 373 F. Supp. 970, 973 (E.D. Va. 1973); <u>see also</u> <u>Balliet v. Whitmire</u>, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir. 1986) (Mem.).

Further, it has also been held that a constitutional claim based only on

verbal threats will fail regardless of whether it is asserted under the Eighth

Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n,

822 F. Supp. at 189, or under the Fifth Amendment's substantive due process

clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879

(1991).

Verbal harassment or threats, with some reinforcing act accompanying

them, however, may state a constitutional claim.  For example, a viable claim has

been found if some action taken by the defendant escalated the threat beyond mere

words.  See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a

revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F.

Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate

with a knife).  It has also been found that verbal harassment can rise to a

constitutional level in a situation where fulfillment of the threat was conditioned

on the inmate's exercising some constitutionally protected right.  Bieros v. Nicola,

860 F. Supp. 226, 233 (E.D. Pa. 1994); see also Prisoners' Legal Ass'n, 822 F.

Supp at 189; Murray, 809 F. Supp. at 384.

Rigney has not alleged that the purported verbal harassment was

accompanied by the type of reinforcing physical act contemplated under

Northington and Douglas.  Likewise, since Rigney did not suffer a change or

denial of a constitutionally protected right or status, his allegations of verbal abuse

and threats do not rise to the level of a viable civil rights claim.

 **Access to the Courts**

Defendants next argue that the claims against Golomb and Agostinelli for obstructing the submission of a private criminal complaint and institutional grievance should be dismissed.  Plaintiff alleges that on July 2, 2006 Defendants Golomb and Agostinelli withheld from Plaintiff the forms which he needed to file a private criminal complaint and an institutional grievance.

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services.  Bounds v. Smith, 430 U.S. 817, 821-25 (1977).  As previously noted by this Court, Plaintiff has not satisfied his burden under Lewis of demonstrating that he suffered an actual injury to a non-frivolous litigation effort with respect to his initiation of a private criminal complaint.  Since exhibits attached to the Complaint clearly show that Plaintiff filed a form private criminal complaint during August, 2006, his allegation that Golomb and Agostinelli denied him that form is precluded under Lewis.

Second, with respect to Rigney's contention that those two defendants also denied him the form necessary to initiate an institutional grievance, it is initially noted that prisoners have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S.

119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); <u>Wilson v. Horn</u>, 971 F. Supp. 943, 946 (E.D. Pa. 1997).  More importantly, Plaintiff acknowledges that he submitted an administrative grievance on June 22, 2006, and filed an administrative appeal on July 12, 2006.  <u>See</u> Record document no. 1, ¶ 22.  Rigney further states that "he used the prisoner grievance procedures available at SCI-Mahanoy to try and solve the problem."  <u>Id</u>.  Based upon Plaintiff's own admissions, his claim of denial of grievance form claim likewise fails to satisfy <u>Lewis</u>.

**<u>Retaliation</u>**

The Defendants next contend that the retaliation claim against Defendant Guzenski should be dismissed because Rigney has failed to establish that he suffered any adverse action.  Plaintiff states that when he sought to file complaints and criminal charges against prison officials he became the target of retaliation. His Complaint sets forth a laundry list of alleged retaliatory misconduct, including the claim against Guzenski..

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution."  <u>White v. Napoleon</u>, 897 F.2d 103, 111-12 (3d Cir. 1990); <u>Allah v. Seiverling</u>, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty

interest in the privileges that he was denied, only that the challenged actions were

motivated in substantial part by a desire to punish him for the exercise of a

constitutional right).

In <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (2001), the Third Circuit held that a

prisoner must prove that the conduct which led to the alleged retaliation was

constitutionally protected.  If the prisoner satisfies that requirement he must then

show he suffered some "adverse action" at the hands of prison officials.  <u>Id</u>.  <u>Allah</u>

defined adverse action as being "sufficient to deter a person of ordinary firmness

from exercising his [constitutional] rights."  <u>Allah</u>, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the

constitutional right and the adverse action against him.  Under <u>Rauser</u>, once a

prisoner demonstrates that his exercise of a constitutional right was a substantial

or motivating factor in the challenged decision, the prison officials may still

prevail by proving that they would have made the same decision absent the

protected conduct for reasons reasonably related to a legitimate penological

interest.  <u>Id</u>. at 334.

Defendants acknowledge that Rigney's claim that he was subjected to

retaliation for filing past complaints against prison officials "may consist of

constitutionally protected activity in accordance with the first prong" of <u>Rauser</u>.

Record document no. 24, p. 9.  However, they assert that Plaintiff has not satisfied

the requirement of establishing that he was subjected to any adverse action because there is no indication that he suffered any actual harm.

Plaintiff contends that Guzenski intentionally placed him in harm's way by telling the other inmates in his housing unit that they would not be let out of their cells for lunch until Rigney was ready.  Prison officials violate an inmate's right to be free from cruel and unusual punishment when, through intentional conduct or deliberate indifference, they subject the inmate to violence at the hands of another prisoner.  Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  Mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

The victim's custodian is exposed to civil rights liability only when "he knows or should have known of a sufficiently serious danger to [the] inmate." Young, 960 F.2d at 361; see also Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Mosby v. Mabry, 697 F.2d 213, 215 (8th Cir. 1982).

The Court of Appeals "stress[ed], however, that in constitutional context 'should have known' is a phrase of art with a meaning distinct from its usual meaning in the context of the law of torts."  Young, 960 F.2d at 361.  As our Court of Appeals explained the phrase, "does not refer to a failure to note a risk that would be perceived with the use of ordinary prudence."  Colburn v. Upper Darby

Township, 946 F.2d 1017, 1025 (3d Cir. 1991). Instead, "[i]t connotes something more than a negligent failure to appreciate the risk . . ., though something less than subjective appreciation of that risk." Id. Moreover, "the risk of . . . injury must be not only great, but also sufficiently apparent that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." Id. Consequently, liability only attaches when there is a "pervasive risk of harm to inmates from other prisoners,[3] . . . and that the prison officials have displayed 'deliberate indifference' to the danger." Riley, 777 F.2d at 147.

This Court agrees that there is no claim that Plaintiff was injured or even attacked as a result of the Defendant's purported misconduct. There is also no showing that the conduct, although ill advised, exposed Rigney to a pervasive risk of harm from his fellow inmates and thus, a viable failure to protect claim has not been stated. Based upon that finding, this Court agrees that Plaintiff has failed to satisfy his burden under Rauser of demonstrating that he was subjected to adverse action. In addition, the Complaint does not establish a casual link between the exercise of the constitutionally protected activity and the alleged adverse action.

Therefore, the verbal remarks attributed to Guzenski as alleged in the complaint fail to provide an adequate foundation for either a failure to protect or

---

3. The Court of Appeals for the Third Circuit has noted that "prison officials should, at a minimum, investigate each allegation of violence or threat of violence." Young, 960 F.2d at 363 n.23.

retaliation claim.

**Conspiracy**

Plaintiff further indicates that the Defendants Klem, Derfler, Spaide, Peek and Dziczek acted "in concert."   Record document no. 1, ¶ 21.   In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.   D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).   The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations."   Rose, 871 F.2d at 366.   Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."   Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals.   See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a

protected federal right.  Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396

1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539

(E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some

specific facts in the complaint which tend to show a meeting of the minds and

some type of concerted activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.

1985).  A plaintiff cannot rely on subjective suspicions and unsupported

speculation.  Young, 926 F.2d at 1405 n.16 (3d Cir. 1991).

        None of the Plaintiff's allegations suggest that the Defendants Klem,

Derfler, Spaide, Peek and Dziczek's alleged actions were motivated by a racial or

otherwise class-based invidiously discriminatory animus.  Furthermore, Rigney's

baled assertions do  not satisfy the pleading requirements of Rose, Deck, and

Young.  Specifically, there are no averments of fact in the Complaint that

reasonably suggest the presence of an agreement or concerted activity between

any of the Defendants to violate Plaintiff's civil rights.  Accordingly, dismissal of

the vague, wholly unsupported allegation of conspiracy is appropriate.


**Mootness**

        It is also noted that on March 19, 2007, Plaintiff notified this Court that he

had been transferred to SCI-Albion.  See Record document no. 32.  More recently,

Rigney advised the Court he was being placed in a CCC in the Philadelphia,

Pennsylvania area.  See Record document no. 41.  Although not argued by the Defendants, it appears that those transfers render his claims for injunctive and declaratory relief moot.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

There is no indication that Plaintiff will be returned to SCI-Mahanoy in the foreseeable future.  In light of Rigney's placement in a CCC and the standards announced in Steffel and Wahl, his Complaint to the extent that it seeks

17

declaratory and injunctive relief is subject to dismissal on the basis of mootness.

## Conclusion

Pursuant to the above discussion, the Defendants' motion to dismiss will be granted in part.  The claims for monetary damages against the Defendants in their official capacities are barred by the Eleventh Amendment.  Second, Plaintiff's allegations of verbal harassment, access to the courts, and retaliation by defendant Guzenski are constitutionally insufficient.  The Complaint fails to set forth a cognizable conspiracy claim.  Moreover, the Plaintiff's requests for injunctive and declaratory relief are subject to dismissal on the basis of mootness.

The following claims which were not addressed in the motion to dismiss shall proceed: (1) retaliatory misconduct by Defendant Rakus, including allowing an inmate to assault the Plaintiff; and (2) denial of access to medication by Defendant Schell.  An appropriate Order will enter.

　　s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge


UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. RIGNEY,     :
    Plaintiff     :
            :
   v.         : CIVIL NO. 4:CV-06-2110
            :
            : (Judge McClure)
JOHN DOE GUZENSKI, ET AL.,  :
    Defendants    :

## <u>ORDER</u>

August 21, 2007

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

   1. The Defendants' motion to dismiss  (Record document no. 23) is

GRANTED IN PART.

   2. Dismissal is granted in favor of all Defendants  with exception of

the following claims for monetary damages against Defendants Rakus and Schell

in their individual capacities : (1) Defendant Rakus retaliated against the Plaintiff

by subjecting him to an assault by a fellow inmate and (2) Defendant

Schell was deliberately indifferent to Plaintiff's medical needs by denying him access to his diabetes medication.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge