UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. RIGNEY,                   :
       Plaintiff              :
                              :
   v.                              :   CIVIL NO. 4:CV-06-2110
                              :
                              :   (Judge McClure)
JOHN DOE GUZENSKI, ET AL.,          :
       Defendants             :

## **MEMORANDUM**

July 31, 2008

**Background**

This *pro se* civil rights action was initiated by Steven J. Rigney regarding alleged violations of his constitutional rights which took place during his prior confinement at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy").[1] Remaining Defendants are two (2) SCI-Mahanoy employees: Sergeant Ronald Schell and Correctional Officer Donald Rakus.

By Memorandum and Order dated August 21, 2007, Defendants' motion to dismiss was partially granted. Specifically, dismissal was granted in favor of all Defendants with exception of the following claims for monetary damages against

---

[1] Plaintiff's last known address was a residence in Philadelphia, Pennsylvania. *See* Record document no. 45.

Defendants Rakus and Schell in their individual capacities: (1) Correctional Officer Rakus engaged in retaliatory misconduct against the Plaintiff; and (2) Sergeant Schell was deliberately indifferent to Plaintiff's medical needs by denying him access to his diabetes medication.[2]

Plaintiff contends that Defendant Rakus retaliated against him for initiating prior complaints against Correctional Officer James Guzenski. Specifically, it is alleged that on July 15, 2006, Rakus verbally harassed and threatened Rigney while the prisoner was engaged in a telephone conversation with his mother. Rakus also purportedly issued Plaintiff a meritless misconduct charge (unauthorized use of the telephone) stemming from the same incident. Rigney further claims that on October 8, 2006, Defendant Rakus opened his cell door for the purpose of allowing another prisoner to enter Rigney's cell and assault him "with a lock inside a sock." Record document no. 1, ¶ 19. As a result of the assault, Plaintiff required sutures above his left eye.

With respect to Defendant Schell, the Complaint maintains that although Rigney was suffering "a diabetic attack" on August 17, 2006, Sergeant Schell refused his request for permission to enter his cell and retrieve his diabetes medication. *Id*. at ¶¶ 17-18.

---

[2] Defendants' motion to dismiss did not address the allegations of retaliation by Correctional Officer Rakus and denial of access to medication by Sergeant Schell.

Presently pending is Remaining Defendants' motion for summary judgment.  *See* Record document no. 48.  The motion is unopposed.

**<u>Discussion</u>**

### A.     Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden

by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 106 S.Ct. at 2553 and 2554. Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. *Id*. In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

### B.   <u>Administrative Exhaustion</u>

Remaining Defendants Schell and Rakus argue that they are entitled to entry of summary judgment because Plaintiff "failed to exhaust his administrative remedies with regard to all of the remaining claims prior to filing the instant lawsuit." Record document no. 51, p. 3.

With respect to Sergeant Schell, it is asserted that Rigney did not file a grievance regarding the August 17, 2006 incident (denial of permission to retrieve diabetes medication). They add that Plaintiff did not administratively appeal the misconduct charge for unauthorized use of the telephone which was issued by

4

Correctional Officer Rakus and the inmate did not complete the administrative review process with respect to a grievance which he filed regarding the alleged assault he suffered on October 8, 2006. In addition, Remaining Defendants note that a misconduct charge of fighting levied against Rigney following the October 8, 2006 incident was not appealed to final administrative review.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. *Ahmed v. Sromovski*, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." *Tribe v. Harvey*, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)).

The Court of Appeals for the Third Circuit in *Mitchell v. Horn*, 318 F.3d 523,

5

529 (3d Cir. 2003), stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." *See also Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000); *Jenkins v. Haubert*, 179 F.3d 19, 29 (2d Cir. 1999). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. *Id.*; *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *Charpentier v. Godsil*, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c)).

Pennsylvania's Department of Corrections ("DOC") has a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective January 1, 2001). With exception of allegations related to the issuance of misconduct charges, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager; and a final written appeal may be presented to the Secretary's Office of Inmate Grievances and Appeals.

A prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998.) Furthermore, [g]rievances must be submitted for initial review to the Grievance Coordinator within fifteen (15) days

6

after the events upon which the claims are based," but allowances of extensions of time for good cause, "will normally be granted if the events complained of would state a claim of a violation of a federal right." *Id.*  An inmate may appeal the initial review decision to the Facility Manager within ten (10) working days of receipt of the initial review decision.  A request for final review by the Secretary's Office of Inmate grievances and Appeals must be submitted within fifteen (15) days of receipt of the Facility Manager's decision.

Remaining Defendants argue that Plaintiff did not initiate "any grievances regarding Schell's actions on August 17, 2006 in which he is alleged to have hindered Rigney from obtaining his diabetes medication." Record document no. 51, p. 7.

**Sergeant Schell**

As previously noted, the surviving claim against Defendant Schell is that he improperly refused Plaintiff's request for permission to enter his cell on August 17, 2006 for the purpose of retrieving his diabetes medication.

An unopposed supporting declaration submitted under penalty of perjury by Superintendent's Assistant Melinda Adams of the State Correctional Institution, Albion, Pennsylvania (SCI-Albion)[3] states that based upon her review of Rigney's inmate file, Plaintiff never filed any grievance related to his claim that Remaining

---

[3] Adams explains that because SCI-Albion was Rigney's final place of incarceration, his institutional records are still maintained at that facility.

Defendant Schell hindered him from obtaining his diabetes medication while verbally harassing him on August 17, 2006. *See* Record document no. 53, Exhibit A, ¶ 12. Adams adds that "it is now too late" for Rigney to file a grievance "as it would be untimely." *Id.* at ¶ 13.

Based upon Adams' unopposed declaration, Remaining Defendants have satisfied their burden under *Williams* and *Charpentier* of showing that the surviving claim against Sergeant Schell is unexhausted. Second, in light of Plaintiff's failure to oppose the request for summary judgment, he has not presented any evidence to the contrary or made any showing that he should be excused from exhaustion with respect to that allegation. In conclusion, the non-exhaustion argument will be granted with respect to Sergeant Schell. Rigney's remaining allegation against Defendant Schell will be dismissed for non-exhaustion.

**Correctional Officer Rakus**

The surviving claims against CO Rakus are two fold. First, Plaintiff asserts that Rakus retaliated against him by verbally harassing him and issuing him a baseless misconduct charge for unauthorized use of a telephone. Second, it is alleged that on October 8, 2006, Rakus intentionally allowed another prisoner to enter Rigney's cell for the purpose of carrying out an assault. An event related to this incident also

resulted in the filing of a disciplinary charge against Rigney.[4]

## I.

Remaining Defendants acknowledge that Rigney initiated a grievance with respect to the claim that Rakus allowed an inmate to enter into Rigney's cell on October 8, 2006 in order to assault him.[5] According to the undisputed declaration of Superintendent's Assistant Adams as well as accompanying copies of the relevant administrative records, this grievance (No. 167426) was denied following an October 31, 2006 initial review. An administrative appeal which was taken to the SCI-Mahanoy Superintendent was likewise denied on November 20, 2006. A request for final review by the DOC's Office of Inmate Grievances and Appeals which was filed by Rigney was rejected as being incomplete.

Remaining Defendants contend that since Plaintiff's final administrative appeal

---

[4] Plaintiff stated that after being attacked in his cell, he followed his assailant to the prison gym where an altercation ensued. Both Plaintiff and the inmate assailant were issued misconducts as a result of the altercation in the gym.

Based upon undisputed information supplied by Remaining Defendants the misconduct charge for fighting was also not administratively exhausted. However, although the altercation in the gym was related, it was nonetheless a separate incident. Hence, this Court cannot conclude that exhaustion of that misconduct charge was required with respect to Rigney's claim that Rakus intentionally allowed the inmate assailant to enter Plaintiff's cell.

[5] It is noted that various copies of administrative records include admissions by Plaintiff that he was asleep when a fellow prisoner purportedly entered his cell and that he was unsure as to who opened his cell. *See* Record document no. 53, Exhibit B-3.

of the grievance was rejected as being incomplete and Rigney failed to correct the deficiency, he abandoned his administrative appeal and therefore said claim must be deemed non-exhausted. *See* Record document no. 51, p. 8.

Defendants also note that at the time this matter was filed, Grievance No. 167426 was still being addressed at the first level of the DOC's administrative review system. Accordingly, there was clearly a failure by Rigney to complete exhaustion prior to filing suit as required under *Tribe*. *See id.*

Once again, in light of Plaintiff's failure to respond to the summary judgment motion, the undisputed record shows that: (1) this matter was filed while Grievance No. 167426 was pending at the first level of administrative review, and (2) Plaintiff never properly completed final administrative review of Grievance No. 167426. Based upon those factors and noting that Plaintiff has not come forward with any facts showing that said claim was properly exhausted or that he should be excused from compliance with the exhaustion requirement, dismissal of the claim that Rakus intentionally allowed another prisoner access to Rigney's cell for the purpose of undertaking an assault on the basis of non-exhaustion is appropriate.

## II.

With respect to the unauthorized use of a telephone charge, DOC Hearing Examiner Supervisor John Andrade has submitted a declaration under penalty of perjury stating that Plaintiff did not appeal his misconduct (No. A634557) for

unauthorized use of a telephone to final review and that it appears that the charges were "handled by informal resolution." *Id.* at Exhibit B, ¶ 7. Andrade adds that a search of the DOC's computerized records revealed that "appeal information was not found on this misconduct." *Id.* at ¶ 8.

The DOC provides an administrative review for inmates who wish to challenge disciplinary proceedings (DC-ADM 801-3). If a Hearing Examiner finds a prisoner guilty of a misconduct charge, he may submit an appeal to the prison's Program Review Committee (PRC) within fifteen (15) days. The PRC will issue a written decision within seven (7) working days. The PRC's decision may be appealed within seven (7) calendar days to the prison's Superintendent, who will also provide a written decision. A final administrative appeal may be taken to the DOC's Chief Hearing Examiner within seven (7) calendar days after the inmate receives the Superintendent's decision.

Plaintiff contends that Rakus issued him a retaliatory misconduct charge on July 15, 2006 which alleged that Rigney had engaged in unauthorized use of a telephone. Based upon Andrade's unopposed declaration as well as accompanying copies of related institutional documents, the disciplinary charge was informally resolved with Plaintiff being sanctioned to a seven (7) day loss of dayroom and telephone privileges. *See* Record document no. 53, Exhibit, B-1.

Documents submitted by Remaining Defendants show that Rigney was advised

11

that he could seek a formal review of the informal resolution within fifteen (15) days. Based on Andrade's declaration, a request for formal review was not pursued, hence, by failing to do so, Plaintiff did not exhaust his administrative remedies. It is again noted that Plaintiff has not responded in any manner to this argument. Entry of summary judgment on the basis of non-exhaustion with respect to the remaining allegation against Correctional Officer Rakus is likewise appropriate.

**Conclusion**

Based upon a review of the undisputed record, Rigney has failed to exhaust his available administrative remedies with respect to his remaining claims. Accordingly, Defendants Rakus and Schell's unopposed motion for summary judgment will be granted. An appropriate Order will enter.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN J. RIGNEY,                                :
      Plaintiff                                    :
                                                 :
  v.                                             : CIVIL NO. 4:CV-06-2110
                                                 :
                                                 : (Judge McClure)
JOHN DOE GUZENSKI, ET AL.,                       :
      Defendants                                   :

## **ORDER**

July 31, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

      1.    Remaining Defendants Rakus and Schell's unopposed motion for summary judgment (Record Document no. 48) is GRANTED.

      2.    Judgment is entered in favor of Remaining Defendants Donald Rakus and Ronald Schell.

      3.      The Clerk of Court is directed to CLOSE the case.

                                                    s/ James F. McClure, Jr.
                                               James F. McClure, Jr.
                                               United States District Judge